IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JACOB LEE ROSE,

        *Plaintiff*,

    v.

BALTIMORE COUNTY, MARYLAND,
*et al.*,

        *Defendants*.

Civil No.: 1:23-cv-02078-JRR

## <u>MEMORANDUM AND ORDER</u>

Pending before the court is Defendants Baltimore County, Maryland ("the County"), Officer G. Depew, Officer R. Johnson, Officer B. Lange, and Officer J. Trenary's (collectively, "Officer Defendants") Motion to Revise Order. (ECF No. 26; the "Motion.")[1] The court has reviewed all papers; no hearing is necessary. Local Rule 105.6 (D. Md. 2023).

Plaintiff Jacob Lee Rose initiated this action as Shane Radomski's guardian based on an incident involving Officer Defendants that left Mr. Radomski with permanent physical and mental disabilities. (ECF No. 1 ¶ 5.) On October 31, 2023, following the filing of Defendants' answers, the court issued a scheduling order. (ECF No. 13.) Two weeks later, Officer Defendants filed their "Motion for Judgment on the Pleadings," and the County filed its "Motion for Judgment on the Pleadings or for Summary Judgment." (ECF Nos. 14, 15.) On August 23, 2024, the court entered a memorandum opinion and order granting in part and denying in part the motions. (ECF Nos. 24, 25.) The court construed the motions to seek judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), and thus declined to consider certain exhibits—most relevant here, selective video footage of the incident. (ECF No. 24 at p. 8–10.) The court also denied Officer

---

[1] Defendants also filed a Motion to Stay Discovery (ECF No. 35) pending resolution of the instant Motion that will be denied as moot in view of this order.

Defendants' motion on grounds of qualified immunity as premature (among other associated reasons). (ECF No. 24 at p. 18–21.) Defendants now ask the court to revise its order pursuant to Federal Rule of Civil Procedure 54(b). (ECF No. 26.) Plaintiff opposes the Motion. (ECF No. 30.)

## I.    Legal Standard

Defendants bring this Motion pursuant to Federal Rule of Civil Procedure 54(b).[2] (ECF No. 26-1 at p. 2.) Rule 54(b) "governs reconsideration of orders that do not constitute final judgments in a case (*i.e.,* interlocutory orders)." *Carrero v. Farrelly*, 310 F. Supp. 3d 581, 583–84 (D. Md. 2018). Rule 54(b) provides that "any order or other decision . . . that adjudicates fewer than all the claims . . . may be revised at any time before the entry of a judgment adjudicating all the claims." FED. R. CIV. P. 54(b). "Compared to motions to reconsider *final* judgments pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, Rule 54(b)'s approach involves broader flexibility to revise *interlocutory* orders before final judgment as the litigation develops and new facts or arguments come to light." *U.S. Tobacco Coop. Inc. v. Big S. Wholesale of Virginia, LLC*, 899 F.3d 236, 257 (4th Cir. 2018) (emphasis in original) (citing *Carlson v. Boston Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017)). Resolution of a motion for reconsideration of an interlocutory order "is committed to the discretion of the district court." *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 515 (4th Cir. 2003). Importantly, "the discretion afforded by Rule 54(b) is not limitless;" the Fourth Circuit has "cabined revision pursuant to Rule 54(b) by treating interlocutory rulings as law of the case." *U.S. Tobacco Coop. Inc.*, 899 F.3d at 256–57. Accordingly, a court may revise an interlocutory order to account for "(1) a subsequent trial producing substantially different evidence;

---

[2] In a footnote in their reply, Defendants for the first time assert that the Motion should be evaluated under Rule 59(e). Doing so does not materially affect the analysis or outcome. *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 407 (4th Cir. 2010); *see U.S. Tobacco Coop. Inc. v. Big S. Wholesale of Virginia, LLC*, 899 F.3d 236, 257 (4th Cir. 2018) (noting that the Rule 54(b) standard "closely resembles the standard applicable to motions to reconsider final orders pursuant to Rule 59(e), but it departs from such standard by accounting for potentially different evidence discovered during litigation as opposed to the discovery of new evidence not available at trial") (citation omitted)).

(2) a change in applicable law; or (3) clear error causing manifest injustice." *Id.* at 257 (quoting *Carlson*, 856 F.3d at 325).

## II.    Analysis

Defendants assert that this court should reconsider its order because it constitutes a clear error causing manifest injustice, specifically because "Defendants presented motions for summary judgment, [and] this Court committed clear error in not ruling on them." (ECF No. 26-1 at p. 2.) Defendants aver that, because they brought motions for summary judgment, it was not within the court's discretion to decline to consider all of the video footage evidence (considering instead only one video) in ruling on the motions. (ECF No. 26-1 at p. 3.) They contend further that even had they moved in the alternative for summary judgment, the court committed clear error by declining to convert the motions to Rule 56 motions. The court has again reviewed Defendants' papers closely in adjudicating the instant Motion.

Defendants' first assertion is unavailing and contradicted by the manner in which they framed their papers. To begin, the motion at ECF No. 14 is titled "Motion for Judgment on the Pleadings;" and the motion at ECF No. 15 is titled "Baltimore County Maryland's Motion for Judgment on the Pleadings or for Summary Judgment." (ECF Nos. 14, 15.) In addition, the first paragraphs of Defendants' memoranda in support of their respective motions describe them respectively as "Memorandum in support of their Motion for Judgment on the Pleadings or for Summary Judgment" (ECF No. 14-1 at p. 1) and "Memorandum in support of its Motion for Judgment on the Pleadings or for Summary Judgment." (ECF No. 15-1 at p. 1.) Officer Defendants further stated in their motion at ECF No. 14 that the court may consider the video footage attached to the motion without converting it to one for summary judgment. (ECF No. 14-1 at p. 2 n.2.) Defendants make no reference to "summary judgment" in any of their substantive arguments. (ECF

No. 14-1 at p. 6–13; ECF No. 15-1 at p. 4–8.)  Defendants then titled their reply brief "Reply in Further Support of Motion for Judgment on the Pleadings or for Summary Judgment."  (ECF No. 21.)  In short, Defendants never asserted, as they do now, that their motions sought judgment on the pleadings as to the negligence claim and summary judgment as to all other claims.[3]  (ECF No. 25-1 at p. 3.)  The court thus explained in its opinion: "Although Defendants do not explain why the court should or might construe the Motions as ones for summary judgment versus judgment on the pleadings, the court construes the Motions to seek conversion under Rule 12(d)."  (ECF No. 24 at p. 6.)

Defendants' motions requested relief different from that which perhaps they intended to seek; surely, their motions sought relief different from that which they now insist they did in fact pursue.  Neither circumstance constitutes clear error of the court.  For the foregoing reasons, the court discerns no clear error in its construction of the motions as motions for summary judgment in the alternative.

The court turns to Defendants' remaining argument that the court's order constituted clear error because it declined to convert Defendants' motions to Rule 56 motions.  Federal Rule of Civil Procedure 12(d) provides, "[i]f, on a motion under [Rule 12(c)], matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."  FED. R. CIV. P. 12(d).  As the Fourth Circuit has explained, and this court explained in its previous memorandum opinion:

---

[3] The language the County utilized in its motion further undercuts this newly-asserted contention.  In support of its argument that it was entitled to judgment as to Counts III, IV, and V (non-negligence claims), the County argued in its motion that "the Complaint does not plausibly allege that the County caused any constitutional violation."  (ECF No. 15-1 at p. 5–6.)  This is the parlance of motions to dismiss or motions for judgment on the pleadings.  "A motion for judgment on the pleadings under Rule 12(c) is assessed under the same standard applicable to motions to dismiss under Rule 12(b)(6)."  *Green v. Sw. Credit Sys., L.P.*, 220 F. Supp. 3d 623, 624 (D. Md. 2016) (citing *Walker v. Kelly,* 589 F.3d 127, 139 (4th Cir. 2009)).  A Rule 12(c) motion, like a Rule 12(b)(6) motion, does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."  *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)).

> There are two requirements for a proper Rule 12(d) conversion. The first is that "all parties be given some indication by the court that it is treating the 12(b)(6) motion as a motion for summary judgment"; such notice exists, *e.g.,* "[w]hen a party is aware that material outside the pleadings is before the court." *Gay v. Wall,* 761 F.2d 175, 177 (4th Cir.1985) (alterations and internal quotation marks omitted). . . .
>
> [T]he second requirement for proper conversion of a Rule 12(b)(6) motion is that the parties first "be afforded a reasonable opportunity for discovery." *Gay,* 761 F.2d at 177 (internal quotation marks omitted); *accord E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.,* 637 F.3d 435, 450 (4th Cir.2011) (relying on *Gay* for conclusion that, because record indicated that parties had not had "opportunity to conduct reasonable discovery," court would have erred by converting dismissal motion to one for summary judgment).

*Greater Baltimore Ctr. for Pregnancy Concerns, Inc. v. Mayor & City Council of Baltimore*, 721 F.3d 264, 281 (4th Cir. 2013). "[C]onversion is not appropriate where the parties have not had an opportunity for reasonable discovery." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011).

"A district judge has 'complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it'"; such discretion "should be exercised with great caution and attention to the parties' procedural rights." *Sammons v. McCarthy*, 606 F. Supp. 3d 165, 193 (D. Md. 2022) (quoting 5C WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 1366 (3d ed. 2018)); *see Sol v. M&T Bank*, 713 F. Supp. 3d 89, 99–100 (D. Md. 2024) (same). "In general, courts are guided by whether consideration of extraneous material 'is likely to facilitate the disposition of the action,' and 'whether discovery prior to the utilization of the summary judgment procedure' is necessary. *Sammons*, 606 F. Supp. 3d at 193 (quoting 5C WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 1366)

Relevant to Defendants' argument here, this court's recent opinion is instructive:

> Generally, if a party believes that summary judgment is procedurally inappropriate because the party needs discovery to properly oppose the motion, the party should file a Rule 56(d) affidavit informing the court of such. [*Sager v. Hous. Comm'n of Anne Arundel Cnty.*, 855 F. Supp. 2d 524, 542–43 (D. Md. 2012)]. However, failing to file a Rule 56(d) affidavit is not necessarily fatal where the "nonmoving party has adequately informed the court that . . . more discovery is necessary." *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244-45 (4th Cir. 2002). "Even in the absence of a Rule 56(d) affidavit," a judge maintains "complete discretion" to decline to convert a motion to dismiss to one for summary judgment. *Woodbury v. Victory Van Lines*, 286 F. Supp. 3d 685, 693 (D. Md. 2017).

*Sol v. M&T Bank*, 713 F. Supp. 3d 89, 100 (D. Md. 2024). This approach is consistent with the standard described by the Fourth Circuit:

> Generally, summary judgment must be "refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Harrods*, 302 F.3d at 244 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). But a nonmoving party "cannot complain that summary judgment was granted without discovery unless that party . . . attempt[ed] to oppose the motion on the grounds that more time was needed for discovery." *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996) (citing *Nguyen v. CNA Corp.*, 44 F.3d 234, 242 (4th Cir. 1995)).
>
> A nonmovant presents such opposition in the form of a Rule 56(d) affidavit, stating that he "cannot present facts essential to [his] opposition." Fed. R. Civ. P. 56(d). Although this Court places great weight on the requirement of a Rule 56(d) affidavit, *see Harrods*, 302 F.3d at 244, even in the affidavit's absence, a district court abuses its discretion by granting summary judgment when it otherwise has "fair notice of . . . potential dispute[s] as to the sufficiency of the summary judgment record." [*Pledger v. Lynch*, 5 F.4th 511, 526 (4th Cir. 2021)] (citing *Harrods*, 302 F.3d at 244–45).

*Shaw v. Foreman*, 59 F.4th 121, 128 (4th Cir. 2023) (footnote omitted).

Here, as this court explained in its memorandum opinion, the parties appeared not to have engaged in any discovery as of the filing of the motions, and Plaintiff argued that discovery was needed regarding Officer Defendants' alleged excessive force and the reasonableness of same. In

particular, Plaintiff argued, *inter alia*, that Defendants' proffered evidence was selective and incomplete; and that, in view of Fourth Circuit precedent, discovery is needed regarding a) the speed and direction of Mr. Radomski's car when shots were fired; b) how many shots were fired; and c) witness perceptions of the path of the vehicle when Officer Defendants deployed force. (ECF No. 18 at p. 12–15.)  To be sure, Plaintiff's election not to submit a Rule 56(d) affidavit is disfavored; however, he advanced argument regarding the (what the court views as the obvious) necessity of specific discovery.  Against the backdrop of the above-cited authority, the court's consideration of Plaintiff's arguments notwithstanding the absence of a Rule 56(d) affidavit was not clear error.

Plaintiff's assertion as to the necessity of discovery was further supported by the court's finding that the video footage that the court did consider "[did] not plainly contradict Plaintiff's allegations." (ECF No. 24 at p. 17.)  As this court explained in its memorandum opinion (referring to Fourth Circuit precedent):

> Based on *Williams* and *Waterman*, Plaintiff ably alleges Officer Defendants engaged in the use of unconstitutional excess force: Officer Defendants fired at Mr. Radomski while he was driving away from them, and pursued him after they assumed a position of safety; and Officer Defendants did this despite knowing in fact that Mr. Radomski was not the subject of their arrest warrant and that the target was not in Mr. Radomski's car.  The court appreciates that Officer Defendants hotly contest Plaintiff's account, but that is a dispute to be resolved another day.  Moreover, the video footage, without more, does not plainly contradict Plaintiff's allegations.

(ECF No. 24 at p. 17) (record citations omitted).  *Cf. Boyle v. Azzari*, 107 F.4th 298, 302 (4th Cir. 2024) ("Here, the district court was aware that Boyle did not have an opportunity to obtain necessary evidence to oppose Azzari's motion which he filed before the parties engaged in any discovery.  She explicitly informed the court of the importance of discovery to her case . . . The district court was therefore well aware of the insufficiency of the summary judgment record and should have allowed time for discovery before assessing Azzari's motion . . . .  This is doubly so given that special

difficulties can arise during summary judgment in use of deadly force cases where a defendant has killed a key witness who can refute the defendant's account . . . . Courts must take care to consider *all* contradictory evidence, . . . which necessarily cautions against granting summary judgment before plaintiffs challenging the use of deadly force have the opportunity to conduct discovery." (citations omitted)). Further, Defendants do not argue, and the court does not find, that the other two videos provide a materially different perspective (than the video the court considered); in other words, Defendants do not contend those videos resolve the aforementioned factual disputes.[4] Accordingly, the court discerns no clear error in its refusal to convert the motions to motions for summary judgment.[5]

It is, therefore, this 10th day of January 2025:

**ORDERED** that the Motion (ECF No. 26) shall be, and is hereby, **DENIED**; and further it is

**ORDERED** that Defendants' Motion to Stay Discovery (ECF No. 35) shall be, and is hereby, **DENIED as moot**.[6]

/s/_____
Julie R. Rubin
United States District Judge

---

[4] While Defendants disagree with the court's decision to consider only one video exhibit in ruling on the motions (as opposed to all three), they do not appear to contend that the footage was integral to the Complaint, meaning that the videos, by their very existence, gave rise to the legal rights asserted. (ECF No. 24 at p. 9.) *See Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d. 602, 611 (D. Md. 2011).

[5] Because the court discerns no error in its decision not to convert the motions, it does not address Defendants' arguments regarding the admissibility of video evidence. (ECF No. 26-1 at p. 6–7.)

[6] The Motion to Stay Discovery at ECF No. 35 requests a "stay of discover while their Motion to Revise Order (ECF No. 26) is pending." (ECF No. 35 at p. 1.) In the final paragraph of the motion, Defendants state: "Permitting discovery to continue is also inappropriate given that discovery will likely stop no matter the outcome of Defendants' pending motion. If the motion is granted, then of course discovery will cease. If it is not granted, the denial of qualified immunity as a matter of law is generally an immediately appealable order. *See, e.g., Rambert v. City of Greenville*, 107 F.4th 388, 396 (4th Cir. 2024). Thus, even if this Court were to deny the motion, Defendants will appeal that denial, which would also stop discovery while that appeal is pending." (ECF No. 35-1 at p. 3.) To the extent Defendants seek a stay of discovery pending appeal, the motion is premature. Defendants are of course free to file a motion for stay pending appeal should an appeal be pursued.