IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JACOB LEE ROSE,

    *Plaintiff*,

v.      Civil No.: 1:23-cv-02078-JRR

BALTIMORE COUNTY, MARYLAND,
*et al.*,

    *Defendants*.

## MEMORANDUM OPINION

Pending before the court is Defendants Baltimore County, Maryland ("the County"), Officer G. Depew, Officer R. Johnson, Officer B. Lange, and Officer J. Trenary's (collectively, "Officer Defendants") Motion for Bifurcation of Claims and Stay of Discovery. (ECF No. 33; the "Motion.") The court has reviewed all papers; no hearing is necessary. Local Rule 105.6 (D. Md. 2023). For the reasons that follow, by accompanying order, the Motion will be granted.

    I.    **BACKGROUND**

The court incorporates the extensive background set forth in its memorandum opinion at ECF No. 24. Briefly, Plaintiff Jacob Lee Rose initiated this action as Shane Radomski's guardian based on an incident involving Officer Defendants that left Mr. Radomski with permanent physical and mental disabilities. (ECF No. 1 ¶ 5.) Following motions practice, the following counts remain:

> Count I: Common Law Battery against Officer Defendants;
>
> Count II: Excessive Force in Violation of 42 U.S.C. § 1983 against Officer Defendants;

> Count III: A *Monell*[1] Claim Based on Excessive Force in Violation of 42 U.S.C. § 1983 against the County (except as to a failure to train theory);
>
> Count IV: Excessive Force in Violation of Articles 24 and 26 of the Maryland Declaration of Rights against all Defendants;
>
> Count V: A *Longtin*[2] Claim Based on Excessive Force in Violation of Articles 24 and 26 of the Maryland Declaration of Rights against the County (except as to a failure to train theory); and
>
> Count VI: Common Law Gross Negligence against Officer Defendants

(ECF No. 1 ¶¶ 54–136.) Defendants now seek bifurcation of Counts III and V in the Complaint (the *Monell* and *Longtin* claims) and a stay of related discovery. (ECF No. 33.)

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 42(b) provides: "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." FED. R. CIV. P. 42(b). "Notably, Rule 42(b) is disjunctive, meaning '[o]nly one of these criteria need be met to justify bifurcation.'" *Saltz v. City of Frederick, MD*, 538 F. Supp. 3d 510, 561 (D. Md. 2021) (quoting *Saxion v. Titan-C-Mfg.*, 86 F.3d 553, 556 (6th Cir. 1996)). The decision to bifurcate claims for trial is committed to the court's "broad discretion." *Id.* (quoting *Beasley v. Kelly*, DKC-10-0049, 2010 WL 3221848, at *3 (D. Md. Aug. 13, 2010)).

## III.   ANALYSIS

Defendants argue that bifurcation will expedite and economize the judicial process, and avoid the risk of prejudice to Officer Defendants. (ECF No. 33-1 at p. 2–6.) Defendants also

---

[1] As discussed in the memorandum opinion at ECF No. 24, in *Monell v. Department of Social Services*, the Supreme Court explained that "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." 436 U.S. 658, 694 (1978).
[2] As discussed at ECF No. 24, a *Longtin* claim is the state analogue to a *Monell* claim.

request that discovery related to Plaintiff's *Monell* and *Longtin* claims be stayed pending resolution of the claims against Officer Defendants. Plaintiff opposes bifurcation, arguing that the County may be found liable even if Officer Defendants are not so found, that Defendants have failed to articulate how bifurcation will serve judicial economy, and that the balance of harms disfavors bifurcation. (ECF No. 34 at p. 1–2.)

While "the decision of whether to bifurcate is a fact-specific inquiry," *Cottman v. Baltimore Police Dep't*, No. 21-CV-00837-SAG, 2022 WL 2073852, at *2 (D. Md. June 9, 2022), this court has held that "[c]ases that contain *Monell* claims 'are good candidates for bifurcation.'" *Johnson v. Baltimore Police Dep't*, 500 F. Supp. 3d 454, 460 (D. Md. 2020) (quoting *Beasley*, 2010 WL 3221848, at *3). "Judges in this district have repeatedly ruled that bifurcation 'is appropriate and often desirable' in cases involving both § 1983 claims against individual police officers and *Monell* claims." *Saltz*, 538 F. Supp. 3d at 561 (quoting *Brown v. Bailey*, No. CIV.A. RDB-11-01901, 2012 WL 2188338, at *4 (D. Md. June 13, 2012)).

A plaintiff's § 1983 *Monell* claim generally "hinge[s] on his ability to show that [individual defendants] violated his constitutional rights." *Haughie v. Wexford Health Sources, Inc.*, No. CV ELH-18-3963, 2020 WL 1158568, at *16 (D. Md. Mar. 9, 2020) (quoting *Baker v. Dist. of Columbia*, 326 F.3d 1302, 1306 (D.C. Cir. 2003)). *See Brissett v. Paul*, 141 F.3d 1157 (4th Cir. 1998) (discussing bifurcated claims against officer and municipality); *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (holding that *Monell* does not authorize damages against municipal corporation based on actions of officer where jury concluded that officer "inflicted no constitutional harm" and was not instructed on affirmative defense of officer).

That notwithstanding, courts have recognized "narrow circumstances in which 'a finding of no liability on the part of the individual municipal actors can co-exist with a finding of

liability on the part of the municipality.'" *Johnson*, 500 F. Supp. 3d at 463 (citing *Int'l Ground Transp. v. Mayor And City Council Of Ocean City, MD*, 475 F.3d 214, 219 (4th Cir. 2007) ("[A] situation may arise in which a finding of no liability on the part of the individual municipal actors can co-exist with a finding of liability on the part of the municipality.")). "One such situation is when the individual defendants are entitled to qualified immunity." *Id.*; *see Int'l Ground Transp.*, 475 F.3d at 219 ("[B]ecause municipalities are not entitled to assert a qualified immunity defense, a finding of a constitutional violation is conclusive as to their liability. Thus, a jury could find that a constitutional violation has occurred but that the individual defendants are entitled to qualified immunity."). However, this court has further explained:

> The key question is whether the Officers committed constitutional violations, not whether they can be held liable for them. Plaintiffs will have a viable *Monell* claim against the County, despite the Officers being found not liable, if the fact-finder concludes that the Officers violated Mr. Evans' constitutional rights, and that those rights were not clearly established, such that the Officers are entitled to qualified immunity. On the other hand, if the fact-finder concludes that the Officers are not liable under § 1983 on the ground that they did not violate Mr. Evans' constitutional rights, then plaintiffs' *Monell* claim would founder[sic] as a matter of law. In either circumstance, the question of whether any police officer committed a constitutional violation is central to plaintiffs' claims against the County.

*Tserkis v. Baltimore Cnty.*, No. CV ELH-19-202, 2019 WL 4932596, at *8 (D. Md. Oct. 4, 2019). Thus, while County' liability may co-exist with Officer Defendants non-liability, "the question of whether any police officer committed a constitutional violation is central to plaintiffs' claims against the County." *Id.*

Moreover, the rationale for bifurcation of *Monell* claims in § 1983 actions is not just that those claims generally, or often, hinge on individual defendant liability for constitutional violations. Bifurcation (and a related stay) also work to "spare the parties from expending

valuable resources in discovery, because resolution of the claims as to the individual defendants may obviate the need to litigate the *Monell* claim." *Johnson*, 500 F. Supp. 3d at 460. Bifurcation also "prevent[s] the potential prejudice to individual defendants that might result from the introduction of inflammatory evidence concerning the municipality's policies, practices, or customs." *Id.*

As in *Tserkis*, bifurcation is appropriate here, because it will "promote judicial economy, conserve the parties' resources, [and] prevent prejudice to" Officer Defendants. *See* 2019 WL 4932596, at *8, *supra*. On these topics, this court's previous analysis is helpful:

> First, bifurcation will protect against the risk of unfair prejudice to the Officer Defendants. . . .
>
> As discussed, "[e]vidence of the County's custom, practice or policy may include evidence of 'prior incidents of police brutality, the nature of such incidents, and the municipal policy-makers' reaction to them.'" [*Dawson v. Prince George's Cnty.*, 896 F. Supp. 537, 540 (D. Md. 1995)] (citations omitted). But, "[w]hile this evidence is most certainly relevant" to the plaintiff's case against a municipality, "the Court would not likely allow it" in the plaintiffs' suit against the Officer Defendants. *Id.* . . .
>
> Plaintiffs assert that, in the event this case proceeded to trial, a limiting instruction would easily cure any potential prejudice to the defendants caused by the introduction of *Monell* evidence against the County. But, the introduction of *Monell* evidence in a trial involving the Officers would inject an issue not necessarily relevant to the individual defendants; it is potentially inflammatory; and the reality is that it would be difficult for the jury to compartmentalize such evidence. . . .
>
> Given the far-reaching scope of *Monell* discovery, it makes good sense to establish first whether a constitutional violation occurred. This is because the absence of such a violation might well make discovery unnecessary with respect to the County.

*Id.* at *6–7 (record citation omitted). Similarly, on judicial economy, the court further explained:

> Moreover, bifurcating the claims against the County and the Officer Defendants would promote judicial economy. *See* Fed. R.

> Civ. P. 42(b). Determining whether the Officer Defendants violated the Decedent's constitutional rights is a prerequisite to establishing liability against the County. *See Young*, 238 F.3d at 579; *Peprah*, 2019 WL 224245, at *10; *Burgess*, 2016 WL 1159200, at *1; *Williamson*, 2011 WL 1065780, at *2; *Marryshow*, 139 F.R.D. at 319. Failure to bifurcate the *Monell* claim would prolong the trial, because plaintiffs would necessarily have to present evidence pertinent to the *Monell* claim, while also producing evidence as to the Officers. Bifurcation "preserves scarce judicial and party resources by avoiding expenses related to [plaintiffs'] *Monell* claims until [they] ha[ve] established the existence of an underlying constitutional violation." *Peprah*, 2019 WL 224245, at *10.
>
> In other words, bifurcation will facilitate an expeditious trial as to the individual defendants by avoiding the delay inherent in the discovery process as to the *Monell* claim. It would also narrow the issues for trial. This would lead to a reduction of costs, without any real prejudice to plaintiff. *See Taylor*, 2010 WL 5247903, at *2 ("Streamlining the issues and limiting discovery . . . will curb rather than increase costs[.]").

*Id.*

The same rationale is compelling here. Plaintiff has asserted *Monell* and *Longtin* claims against the County which Defendants contend, and the court agrees, require "wide ranging and intensive" discovery. (ECF No. 33-1 at p. 4–5.) Indeed, such claims impose a rather exacting standard. And the risk of prejudice to Officer Defendants is high where Plaintiff's *Monell* and *Longtin* claims will focus on previous instances of alleged excessive force. Plaintiff's allegations refer to incidents aged a near decade; as well as excessive force and false arrests allegations against Officer Defendants' specialized unit and others; and reference formal and informal customs, policies, and practices, as well as internal affairs policies. (ECF No. 1 ¶¶ 76–100, 110–19.) The court agrees that discovery into such matters will be substantial.

Contrary to Plaintiff's contention, "[s]treamlining the issues and limiting discovery . . . initially will curb rather than increase costs, and if a second trial is necessary, any

issues litigated in the first trial will be binding upon the parties during the second phase." *Taylor v. Maryland*, No. CIV.A. DKC 10-2167, 2010 WL 5247903, at *2 (D. Md. Dec. 16, 2010). The extensive discovery associated with a *Monell* (and *Longtin*) claim would significantly prolong discovery, and therefore delay trial for all parties. Moreover, as Plaintiff acknowledges, bifurcation and a stay will not deprive him of "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense," related to his claims against the Officer Defendants, and that is "proportional to the needs of the case." *See* FED. R. CIV. P. 26(b)(1).

The court therefore finds bifurcation "will promote judicial economy, conserve the parties' resources, prevent prejudice to [Officer Defendants]," and will not significantly prejudice Plaintiff. *See Tserkis*, 2019 WL 4932596, at *8, *supra*.

### IV.   CONCLUSION

For the reasons set forth herein, by separate order, Defendants' Motion (ECF No. 33) will be granted.

January 10, 2025

/s/
Julie R. Rubin
United States District Judge