IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JACOB LEE ROSE,

    *Plaintiff*,

v.                                                                                  Civil No.: 1:23-cv-02078-JRR

BALTIMORE COUNTY, MARYLAND,
*et al.*,

    *Defendants*.

## MEMORANDUM OPINION AND ORDER

Pending before the court is Defendants Baltimore County, Maryland ("the County"), Officer G. Depew, Officer R. Johnson, Officer B. Lange, and Officer J. Trenary's (collectively, "Officer Defendants") Motion to Stay Proceedings. (ECF No. 49; the "Motion.") The court has reviewed all papers; no hearing is necessary. Local Rule 105.6 (D. Md. 2023).

### I.   BACKGROUND

As the court set forth in its previous opinions and orders, Plaintiff Jacob Lee Rose initiated this action as Shane Radomski's guardian based on an incident involving Officer Defendants that left Mr. Radomski with permanent physical and mental disabilities. (ECF No. 1 ¶ 5.) On October 31, 2023, following the filing of Defendants' answers, the court issued a scheduling order. (ECF No. 13.) Two weeks later, Officer Defendants filed their "Motion for Judgment on the Pleadings," and the County filed its "Motion for Judgment on the Pleadings or for Summary Judgment." (ECF Nos. 14, 15.) On August 23, 2024, the court entered a memorandum opinion and order granting in part and denying in part the motions. (ECF Nos. 24, 25.) The court construed the motions to seek judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), and thus declined to consider certain exhibits—most relevant here, selective video footage of the incident. (ECF No. 24 at pp. 8–10.) The court also denied Officer Defendants' motion on grounds of qualified immunity

as premature (among other associated reasons).  (ECF No. 24 at pp. 18–21.)  Following the court's order, the remaining claims include:

| Counts | Defendants |
|---|---|
| Count I: Common Law Battery | Officer Defendants |
| Count II: 42 U.S.C. § 1983, Excessive Force | Officer Defendants |
| Count III: 42 U.S.C. § 1983, Excessive Force – *Monell* Claim | The County (except as to a failure to train theory) |
| Count IV: Articles 24 and 26 of the Maryland Declaration of Rights, Excessive Force | All Defendants |
| Count V: Articles 24 and 26 of the Maryland Declaration of Rights, Excessive Force – *Longtin* Claim | The County (except as to a failure to train theory) |
| Count VI: Common Law Gross Negligence | Officer Defendants |

Defendants then filed a motion for reconsideration asking the court to revise its order pursuant to Federal Rule of Civil Procedure 54(b), arguing that the court's order constituted clear error because it declined to convert the motions for judgment on the pleadings to motions for summary judgment.  (ECF No. 26.)  The court denied that motion, because Defendants' had not framed their papers as seeking summary judgment in part and because the court concluded it had not erred in declining to convert Defendants' motions to summary judgment motions.

On January 30, 2025, Defendants filed an appeal of this court's memorandum opinion and order.  Defendants' instant Motion seeks a stay pending resolution of their appeal.  (ECF No. 49.)  Plaintiff opposes the Motion.

II.   **LEGAL STANDARD**

"The grant or denial of a request to stay proceedings calls for an exercise of the district court's judgment 'to balance the various factors relevant to the expeditious and comprehensive disposition of the causes of action on the court's docket.'"  *Maryland v. Universal Elections, Inc.*, 729 F.3d 370, 375 (4th Cir. 2013) (quoting *United States v. Ga. Pac. Corp.,* 562 F.2d 294, 296 (4th Cir. 1977)); *see Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (explaining that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes

on its docket with economy of time and effort for itself, for counsel, and for litigants"). "A stay is not a matter of right, even if irreparable injury might otherwise result." *Nken v. Holder*, 556 U.S. 418, 433–34 (2009) (quoting *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672 (1926)). The decision to issue a stay is "an exercise of judicial discretion," and the party seeking a stay "bears the burden of showing that the circumstances justify an exercise of that discretion." *Id.* The court's judgment is to be "guided by sound legal principles." *Id.* "The propriety of [a stay's] issue is dependent upon the circumstances of the particular case." *Id.* (quoting *Virginia Ry. Co.*, 272 U.S. at 652–73).

Accordingly, the court considers the following factors in its analysis: "(1) whether the stay applicant has made a strong showing that [it] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* at 434 (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). The first two factors—likelihood of success on the merits and the risk of the applicant's irreparably injury—"are the most critical." *Id.* The party seeking the stay must show "more than mere possibility" of these critical factors. *Id.* (citations omitted).

III.    **ANALYSIS**

   A. *Likelihood of Success on the Merits*

Defendants argue they have made a strong showing that they will succeed on the merits of their appeal based upon their "well-founded legal argument in favor of application of qualified immunity." (ECF No. 49-1.) Defendants do not advance legal argument as to any specific appellate challenges, although in reply they assert that the "gravamen of Defendants' appeal" is this court's "denial of qualified immunity was due to improper exclusion of clear video evidence presented."

3

*See* ECF No. 51 at p. 2.  Plaintiff contends that Defendants are unlikely to succeed on appeal because, Plaintiff asserts, the Fourth Circuit seemingly lacks jurisdiction as Defendants cannot appeal an order denying a motion on the assertion of qualified immunity where there is a contested issue of material fact.  (ECF No. 50 at pp. 3–4.)

Usually, the jurisdiction of United States Courts of Appeals is constrained to "final decisions of the district courts." 28 U.S.C. § 1291.  But "[t]o the extent that an order of a district court rejecting a governmental official's qualified immunity defense turns on a question of law, it is a final decision within the meaning of § 1291 under the collateral order doctrine . . . and therefore is subject to immediate appeal." *Winfield v. Bass*, 106 F.3d 525, 528 (4th Cir. 1997) (citations omitted); *see also Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985) (holding "that a district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment"); *Rambert v. City of Greenville*, 107 F.4th 388, 396 (4th Cir. 2024) (explaining that "[u]nder the collateral order doctrine, we have jurisdiction to review a district court's denial of qualified immunity at the summary judgment stage of the proceedings to the extent that the court's decision turned on an issue of law" (citation omitted)).  "This rule allows for interlocutory appellate review of a denial of qualified immunity when the appeal is based on a 'purely legal issue' such as 'what law was clearly established,' but not when the appeal is of a matter of 'evidence sufficiency,' such as whether qualified immunity was properly denied based on the conclusion that there was 'a genuine issue of fact for trial.'" *Campbell v. Sims*, No. CV TDC-20-2590, 2021 WL 4342039, at *2 (D. Md. Sept. 23, 2021) (quoting *Johnson v. Jones*, 515 U.S. 304, 313, 319–20 (1995)).

"The fact that an appeal includes both types of arguments does not necessarily deprive an appellate court of jurisdiction. Instead, it is job of the appellate court to 'parse[ ]' the intermingled

4

assertions of error and consider only the legal arguments." *Id.* (quoting *Iko v. Shreve*, 535 F.3d 225, 234–35 (4th Cir. 2008)); *see Krell v. Queen Anne's Cnty.*, No. CV JKB-18-0637, 2020 WL 416975, at *1 (D. Md. Jan. 27, 2020) (same); *Black v. W. Virginia State Police*, No. 3:22-CV-0096, 2023 WL 6850027, at *2 (S.D.W. Va. Oct. 17, 2023) (same).

To the extent Defendants' appeal arises from the court's finding that there were material facts in dispute to warrant denial of their motion as to qualified immunity, the appeal may cue up a question of the Fourth Circuit's jurisdiction. Defendants' appeal, however, also appears to seek review of this court's decision not to consider evidence based upon the then legal standard applicable to the pending motion, and the court's resultant assessment of the qualified immunity defense on less than all the evidence Defendants offered in support of its qualified immunity argument. The court is persuaded that "Defendants' invocation of at least some legal arguments in their motion to stay sufficiently establishes jurisdiction at this stage."[1] *Krell*, 2020 WL 416975, at *2.

"The question of jurisdiction is, of course, distinct from the question of whether Defendants will actually prevail on appeal." *Id.* The court thus turns to whether Defendants have made a case that they are likely to succeed on the merits of their appeal as to the nature of the court's refusal to consider evidence and its impact on the court's analysis as to the assertion of the qualified immunity defense. As this court has expressed, it stands by its earlier analyses and discerns no clear error based upon Defendants' challenge mounted in their motion for reconsideration. For these same reasons, the court is similarly not persuaded that Defendants are likely to prevail on appeal.

That notwithstanding, the court appreciates that a stay may still be appropriate where the applicant "can make a 'substantial case' that it will succeed on the merits," or "the appeal raises 'serious questions of law." *Id.* (first quoting *Par Pharm., Inc. v. TWI Pharm., Inc.*, Civ. No. CCB-

---

[1] The court acknowledges that Plaintiff appears to have challenged the timeliness of Defendants' appeal before the Fourth Circuit; Plaintiff has not advanced that argument here, so the court does not address it.

11-2466, 2014 WL 3956024, at *2 (D. Md. Aug. 12, 2014); then quoting *U.S. Home Corp. v. Settlers Crossing, LLC*, Civ. No. DKC-08-1863, 2015 WL 3973071, at *6 (D. Md. June 29, 2015)); *see Doe #1 v. Montgomery Cnty. Bd. of Educ.*, No. CV 21-356 PJM, 2023 WL 4686268, at *2 (D. Md. July 21, 2023) (same).

As set forth above, Defendants argument on appeal focuses on the court's decision to limit what evidence it considered and how that may have affected its analysis of whether the law was clearly established. Given the nuances in the law regarding use of deadly force and related circumstances, combined with the court's decision regarding video exhibits, the court is persuaded that Defendants have asserted a substantial case on appeal.[2] This factor thus weighs in favor of appeal.

### B. Risk of Irreparable Injury to Defendants

As this court has repeatedly recognized, qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation;" it is an "entitlement" to "*immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." *Mitchell*, 472 U.S. at 526 (emphasis in original); *see, e.g.*, *Campbell*, 2021 WL 4342039, at *2; *Krell*, 2020 WL 416975, at *2. Although trial is not yet scheduled in this case, "even such pretrial matters as discovery are to be avoided if possible." *Mitchell*, 472 U.S. at 526; *see Campbell*, 2021 WL 4342039, at *2 (same). "In particular, government officials should not be subjected to 'the costs of trial or to the burdens of broad-reaching discovery in cases where the legal norms the officials are alleged to have violated were not clearly established at the time.'" *Campbell*, 2021 WL 4342039, at *2 (quoting *Mitchell*, 472 U.S. at 526).

---

[2] The court noted in its order on the motion for reconsideration that it did not find that the other two videos provided a materially different perspective than the video considered. (ECF No. 37 at p. 8.)

At the same time, Plaintiff argues that Defendants will not face such injury because his state law claims will proceed regardless of the outcome of any appeal, and any discovery that may be avoided would be virtually the same for his state law claims. This is indeed persuasive to the extent it bears on Defendants' participation in discovery.[3] Were this court to proceed to trial in the near future, the court's analysis would be different. Trial seems unlikely prior to resolution of Defendants' appeal, as trial has not been scheduled and discovery does not appear to be near completion. Accordingly, the court is not persuaded that this factor weighs in favor of a stay at this stage of litigation.

### C. *Risk of Substantial Injury to Others*

Defendants argue this factor weighs in favor of a stay because the only potential harm to Plaintiff is delay. (ECF No. 49-1 at p. 4.) In response, Plaintiff contends that he will be injured absent a stay, pointing to his need for constant medical care following the incident, that "fading witness memories jeopardize [his] ability to present all necessary evidence to prove his claim," and that he has already expended significant resources in preparation for expert witness disclosure. (ECF No. 50 at p. 6.)

As Defendants note, "[i]n considering whether a stay pending appeal will harm a plaintiff, courts can consider a variety of factors, including the duration of the case and the timing of the appeal." *Krell*, 2020 WL 416975, at *2. "A court is more likely to grant a stay where it will only delay the plaintiff's recovery as opposed to causing 'structural harm' that irreparably impairs the plaintiff's ability to recover." *Id.* (quoting *Par Pharms., Inc.*, 2014 WL 3956024, at *5).

---

[3] Defendants assert in reply that Plaintiff's argument assumes that his state law claims will proceed despite the law regarding supplemental jurisdiction. This is not persuasive here where Plaintiff has also asserted a *Monell* claim that would proceed regardless of resolution of the appeal. *See* ECF No. 38 at pp. 3–4 (citing cases and acknowledging that municipal liability may co-exist with a finding of no liability on the part of individual municipal actors where individual defendants are entitled to qualified immunity).

Plaintiff initiated this action on August 2, 2023, over a year and a half ago. (ECF No. 1.) The claims arise from actions that occurred on April 14, 2022. *Id.* This appeal was filed during the course of discovery (though it remains unclear how much discovery has occurred in view of Defendants' repeated motions, including the motion for judgment on the pleadings, motion for reconsideration, and motion for stay pending resolution of Defendants' motion for reconsideration). The court is unable to discern the extent to which discovery has been completed, but Plaintiff represents that "discovery has barely begun." (ECF No. 50 at p. 6.)

Given the facts here, the court finds the following discussion from *Pelt v. United States Department of Homeland Security* to be instructive and applicable:

> On the third factor, the County argues that no "appreciable, let alone substantial, harm . . . will or potentially could result from the requested stay." But the obvious consequence of any stay "would be to delay the instant case for the duration of the pending appellate proceedings." *Nero*, 2017 WL 1048259, at *2. The stay would mean "an unnecessary delay in [the plaintiffs] gathering evidence" and "obtaining an adjudication (on summary judgment or by trial) of their claims." *Id.* An expeditious adjudication is especially important in this action where the Pelts allege that Defendants' conduct caused Jacqueline and Syria Pelt extreme medical and emotional distress that requires ongoing treatment. This—in addition to the attendant difficulties with fading memories and disappearing evidence accompanying any long delay in proceedings—counsels against imposing a stay pending appeal.

No. 8:22-CV-00429-PX, 2023 WL 3453786, at *3 (D. Md. May 15, 2023) (record citations omitted).

The same is true here – where Shane Radomski's guardian seeks recovery on his behalf for his permanent physical and mental disabilities that require "constant medical care and assistance." (ECF no. 50 at p. 6.) In addition to that, as Plaintiff notes and as reflected above, this case has been pending for over a year and a half with little discovery yet conducted. Although the potential of evidence loss is not terribly persuasive here given the availability of video footage, *see Campbell*, 2021 WL 4342039, at *2 (describing that the "loss of evidence is inherent in all stays," but that the

"concerns of evidence degradation are mitigated" where there exist records of the officers' body worn cameras) (citing *Scott v. Harris*, 550 U.S. 372, 378 (2007)), the court still finds this factor weighs in favor of a stay in view of the delay in Plaintiff's potential recovery to aid his acute care needs.

### D. Public Interest

In considering the public interest, the court finds compelling argument on both sides. For one, "promptly addressing alleged police misconduct and overreach also serves the public interest." *Pelt v. United States Dep't of Homeland Sec.*, No. 8:22-CV-00429-PX, 2023 WL 3453786, at *4 (D. Md. May 15, 2023). "[T]he public has an abiding interest in the 'deterrence of unlawful conduct' on the part of government officials and in 'compensation of victims' of such unlawful conduct," as well as in "prompt resolution of civil disputes in the courts." *Campbell*, 2021 WL 4342039, at *2 (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 819 (1982)). At the same time, there is "public interest in protecting officers from suits." *Krell*, 2020 WL 416975, at *3 (citing *Crawford-El v. Britton*, 523 U.S. 574, 590 (1998)). The court is therefore not persuaded that this factor weighs heavily or decisively in favor of either outcome.

### E. Balancing of the Factors

The instant case presents a close call. With emphasis on the first two factors as the most important, the court finds that its overall consideration of the applicable factors favors a stay—even if just barely. The court appreciates the risk of injury to Plaintiff, but in view of the foregoing analysis, the court does not find that outweighs the remaining factors—most important among them that Defendants raise a substantial case on appeal as to qualified immunity.

It is, therefore, this 5th day of May 2025:

**ORDERED** that the Motion (ECF No. 49) shall be, and is hereby, **GRANTED**; and further it is

**ORDERED** that this action shall be, and is hereby, **ADMINISTRATIVELY STAYED** pending resolution of Defendants' appeal.

/s/_____
Julie R. Rubin
United States District Judge